Filed 3/29/22  P. v. Monroy CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT MONROY,<br><br>    Defendant and Appellant. | 2d Crim. No. B315832<br>(Super. Ct. No. 20MH-0185)<br>(San Luis Obispo County) |

Defendant Robert Monroy is an Offender with a Mental Health Disorder (OMD) committed to the Department of State Hospitals at Atascadero (DSH) in April of 2020 as a condition of parole.  DSH obtained an order compelling defendant's involuntary treatment with antipsychotic medication pursuant to *In re Qawi* (2004) 32 Cal.4th 1.  The court granted DSH's petition to renew the order on October 15, 2021. (Pen. Code, § 1370, subd. (a)(2)(B)(i).)  Defendant timely appealed.

We appointed counsel to represent defendant in this court. Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case and

facts but raises no specific issues. *Wende* review, however, is available only in a first appeal of right from a criminal conviction. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 501 (*Serrano*); *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 543-544; *People v. Taylor* (2008) 160 Cal.App.4th 304.) Defendant is not entitled to *Wende* review because he appeals an order requiring involuntary medication, not his conviction on the criminal charges brought in connection with his commitment offense. We will proceed with this appeal pursuant to the standards we enunciated in *Serrano* for this reason.

We notified defendant of his right to submit written argument on his own behalf pursuant to *Serrano*. Defendant submitted a brief contending the Haldol injections administered by DSH violate his free exercise of religion. The United States Constitution (first and fourteenth Amendments) and California Constitution (Cal. Const. art. 1, § 4) prohibit involuntary medication that burdens a patient's free exercise of religion, unless a compelling state interest outweighs the patient's interests in religious freedom. (*People v. Woody* (1964) 61 Cal.2d 716, 718; *State Dept. of State Hospitals v. A.H.* (2018) 27 Cal.App.5th 441, 446-447.) We review the court's order for substantial evidence. (*People v. Avila* (2009) 46 Cal.4th 680, 701; *People v. Jones* (1990) 51 Cal.3d 294, 314.)

The State of California has a compelling interest under the doctrine of *parens patrie* to care for persons unable to care for themselves and to prevent an individual from harming himself or others. (*In re Qawi, supra,* 32 Cal.4th at pp. 15-16.) The evidence credited by the trial court is sufficient to find a compelling interest in medicating defendant involuntarily. A DSH psychiatrist testified defendant's exhibited psychosis and disorganized thinking prior to receiving his current regimen. He would simply stand naked or lie on the floor of his cell, unable to

2

perform activities of daily living (ADLs) or to participate in programs that would enable him to eventually leave the hospital and re-enter society. The low doses of Haldol administered by DSH ended these behaviors and restored his functionality.

## DISPOSITION

The judgment (i.e., the *Qawi* order permitting involuntary administration of antipsychotic medication) is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.

TANGEMAN, J.

3

Jacquelyn H. Duffy, Judge
Superior Court County of San Luis Obispo

_____

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.